IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NORTHWOODS APARTMENTS,
   Plaintiff, Counter-Defendant

vs.                                            Case No.: 3:16cv427/MCR/EMT

ROBERT C. POLLARD, JR.,
   Defendant, Counter-Plaintiff.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Defendant/Counter-Plaintiff Robert C. Pollard's self-styled complaint titled "Counterclaim" (ECF No. 1). Pollard also filed a motion for leave to proceed in forma pauperis (ECF No. 2). Pollard, who is proceeding pro se, requests that this court take jurisdiction over a state civil action filed in the County Court in and for Escambia County, Florida, by Plaintiff/Counter-Defendant Northwoods Apartments ("Northwoods"), which seeks the eviction of Pollard for his failure to pay rent on an apartment he had leased (ECF No. 1 at 16–18). Thus, Pollard's counterclaim is construed to include a Notice of Removal of the state action to this Court under 28 U.S.C. § 1441.

Because Pollard seeks leave under 28 U.S.C. § 1915(a)(1) to remove this action to this Court in forma pauperis, the court must review it to determine whether his counterclaim should proceed in this court, and whether it "(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff, or, as here the counter-plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quotation and citation omitted). Finally, in civil rights cases, more than "mere conclusory notice pleading"

is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).

As it concerns removal to this court, Title 28 U.S.C. § 1446 provides the procedure and states that the party desiring removal shall file in the federal district court a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The federal district court shall examine the notice promptly, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.* § 1446(c)(4).

It is clear in the instant case that removal should not be permitted as this court lacks subject matter jurisdiction over the state court eviction proceedings, despite Pollard's contention that this court has jurisdiction on various grounds, including, apparently, under 28 U.S.C. § 1331. Although pursuant to § 1441(b) an action may be removed if it is one that arises under federal law (*see also* Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062, 156 L. Ed. 2d 1 (2003)), the "'well-pleaded complaint rule'" requires the federal question to be "presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of

Louisiana, 552 U.S. 470, 475, 118 S. Ct. 921, 925, 139 L. Ed. 2d 912 (1998) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987)).  *See also* Gully v. First Nat. Bank in Meridian, 299 U.S. 109, 112, 57 S. Ct. 96, 81 L. Ed 70 (1936) ("[t]o bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action").  "A case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial, 539 U.S. at 6, 123 S. Ct. at 2062.  *See also* Anderson v. H & R Block, Inc., 287 F.3d 1038, 1041 (11th Cir. 2002).

   The state court eviction action in this case is wholly derived from state law.  In seeming recognition of this, Pollard brings his counterclaim pursuant to the Fair Housing Act ("FHA").  Pollard alleges that, as a pre-condition to the renewal of the lease agreement for his apartment at Northwoods, he was required to purchase renter's insurance and a $300,000.00 surety bond.  In so alleging, Pollard claims that Northwoods engaged in discriminatory practices against him, in violation of the FHA. *See* 42 U.S.C.A. § 3604.  As the above discussion makes clear, however, Pollard's attempt to press a federal counterclaim is not effective to obtain federal jurisdiction. Because the basis for federal jurisdiction must derive from the face of the complaint,

the fact that a defendant asserts a federally based defense or counterclaim is not sufficient to confer jurisdiction in federal court. Beneficial Nat. Bank, 539 U.S. at 6 ("To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses . . . ."); *see also* Pan Am. Petroleum Corp. v. Superior Court of Del., 366 U.S. 656, 663, 81 S. Ct. 1303, 6 L. Ed. 2d 584 (1961); Milligan v. Milligan, 484 F. 2d 446 (8th Cir. 1973); Rogers v. Rucker, 835 F. Supp. 1410, 1413 (N.D. Ga. 1993); Board of Education v. AFSCME, 401 F. Supp. 687 (N.D. Ga. 1975).

The court additionally notes that, even if Pollard were able to "federalize" this case on the basis of his counterclaim, his counterclaim is without merit and subject to dismissal under 28 U.S.C. § 1915. Pollard describes the renter's insurance requirement in the lease as discriminatory under the FHA, but he fails to provide any indication that he was treated any differently from any other tenant in this regard. Pollard essentially argues that the insurance requirement in and of itself is unfair or coercive.

In order to prevail on a claim under the FHA, a party must demonstrate unequal treatment that affects the availability of housing; this unequal treatment must be on the basis of the party's race, color, religion, sex, familial status, or national origin. 42

U.S.C. § 3604; Jackson v. Okaloosa County Fla., 21 F.3d 1531, 1542 (11th Cir.1994). Subsection (f) of that statute adds "handicap" as another basis for illicit discrimination. *See* Schwarz v. City of Treasure Island, 544 F.3d 1201, 1212 (11th Cir. 2008). To prevail on an FHA claim, it must be shown that the discriminating party or parites "actually intended or were improperly motivated in their decision to discriminate against persons protected by the FHA." Bonasera v. City of Norcross, 342 F. App'x 581, 584 (11th Cir. 2009) (quoting Reese v. Miami–Dade County, 242 F. Supp. 2d 1292, 1301 (S.D. Fla. 2002)); *see also* Hallmark Developers, Inc. v. Fulton County, Ga., 466 F.3d 1276, 1283 (11th Cir. 2006).

Pollard apparently misconstrues the nature of the discrimination with which the FHA is concerned. Other than isolated references to being elderly and to receiving Supplemental Social Security Income as a disabled person (ECF No. 1 at 23–24, 29), Pollard does not identify himself with any of the bases for discrimination that are set out in the statute, nor, more importantly, does he even begin to state that he was discriminated on the basis of any such protected group. In fact, amongst Pollard's claims for relief, he asks that all other current and prospective tenants be allowed to forgo the purchase of renter's insurance on their leases (ECF No. 1 at 11), thus suggesting that other tenants are being treated the same way he is, not differently. It

Page 7 of 8

is therefore clear that Pollard's FHA claim is not actionable even if it were to form a basis for jurisdiction in federal court.

Because the complaint in the instant case alleges no federal claims, this court does not have subject matter jurisdiction over the complaint or its counterclaim. Removal was therefore improper, and the case should be remanded back to the state court.[1]

Accordingly, it respectfully **RECOMMENDED**:

1. That this case be **REMANDED** to the County Court in and for Escambia County, Florida.

2. That the Clerk of this Court be directed to forward a certified copy of any order adopting this Report and Recommendation ("Report"), along with a copy of the Report, to the Clerk of the County Court in and for Escambia County, Florida and **CLOSE** this file.

---

[1] In so finding, the court notes the absence of any indication that Pollard complied with 28 U.S.C. § 1446(d) by notifying Northwoods and the state court of his attempted removal. Consequently, the court recognizes that this remand to the state court might also serve as an initial notice of the removal as well. In the interests of judicial expediency, and also in recognition that there might be time constraints or deadlines at work in the state eviction action, this court will effect the remand despite any procedural failures as a way of noticing the state court of fact of the attempted removal.

Case No: 3:16cv427/MCR/EMT

At Pensacola, Florida, this 19th day of September 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**